UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA,

                   -v-                              22-CR-179 (CS)

TYRELL LOCKHART,                                    ORDER

                          Defendant.
```

CATHY SEIBEL, District Judge:

On March 17, 2023, Defendant Tyrell Lockhart was sentenced principally to a term of

imprisonment of 30 months for his conviction for possession of ammunition by a convicted

felon.  (ECF No. 30.)

The Probation Department has determined that Defendant is eligible for an adjustment of

his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines.  (ECF

No. 33.)  That Amendment eliminated the provision that applied two criminal history points for

committing the instant offense while under supervision for a previous conviction, and was made

retroactive pursuant to U.S.S.G. § 1B1.10(d), (e)(2).  He has now moved for a sentencing

reduction based on that Amendment.  (ECF No. 37.)

Defendant's original Sentencing Guidelines range was 24-30 months, based on an offense

level of 15 and a criminal history category of III.  His Guidelines range would now be 21-27

months, based on an offense level of 15 and a criminal history category of II.

I have considered the record in this case and the factors set forth in 18 U.S.C. § 3553(a),

as required by 18 U.S.C. § 3582(c), and conclude that a sentence reduction is not warranted.

Defendant's conviction arose out of his firing a gun on a public street.  (Presentence Report

("PSR") ¶¶ 7-14.)  He did so only two months after his release from prison, having previously

served a substantial sentence for criminal possession of a loaded firearm.  (*Id.* ¶ 31.)  He did not

comply with his bail conditions.  (*Id.* ¶¶ 5-6.)  At the sentencing I stated that I had a policy

disagreement with the Guidelines range in that they were "way too low" to adequately capture

the seriousness of the offense.  (ECF No. 32 ("Sent. Tr.") at 8-9.)  I sentenced within the

Guidelines range, even though it was "ridiculously low," because I did not want to upset the

expectations of the parties.  (*Id.* at 14.)  But I said that "to me, this is a four- or five-year

offense," and that Mr. Lockhart was lucky to only get 30 months, (*id.*).  I told Mr. Lockhart that

he was getting a break, that I truly hoped he meant what he said about changing his life, and that

while I would love to be proven wrong, I had serious concerns that he would re-offend.  (*Id.* at

17.)

Events since then have only heightened my concerns.  In about a year's time in custody,

Mr. Lockhart was not only disciplined for refusing to obey an order, but was also convicted of a

new crime, based on his possession of shank in prison.

I thought 30 months was too low and still do.  The § 3553(a) concerns I articulated at the

sentencing – including the dangerousness of the offense and the needs to promote respect for the

law and protect the public from further crimes – remain.  (*See* Sent. Tr. at 10-14.)  Accordingly,

the motion is denied.

SO ORDERED.

Dated: April 3, 2024
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.

2