UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Tyrell Lockhart,

*Defendant.*

**Protective Order**

**22 Cr. 00179 (CS)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality of individuals; (ii) may be produced with more limited redactions than would otherwise be necessary; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense against the specifications alleged in the violation report submitted to the Court by the United States Probation Office on or about August 31, 2026 in the above-captioned case (the "Violation Report").

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and

property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

3. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

4. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a. The defendant;

b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c. Prospective witnesses for purposes of defending this action.

5. **Restrictions on Use of Artificial Intelligence Tools to Process Disclosure Materials.**

a. "AI tool" means any automated system that uses machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

b. The defense team will not submit Disclosure Materials to a publicly accessible version of an AI tool (e.g., ChatGPT, Claude, Grok, Gemini, Copilot, Perplexity, Midjourney, Canva). The defense team will not submit Disclosure Materials to an AI tool for which the AI tool provider or vendor (e.g., OpenAI, Anthropic, Microsoft, Google) uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data. Publicly accessible AI tools pose unique risks to the security and integrity of Disclosure Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

c. The defense may submit Disclosure Materials to an AI tool (i) that maintains the confidentiality of Disclosure Materials; (ii) that will not expose any Disclosure Materials to third parties not authorized under this Protective Order to receive such materials; (iii) that will not retain or use any Disclosure Materials for model training; and (iv) all Disclosure Materials will be removed from the AI tool(s) at the conclusion of this case.

d. The Government will not submit any materials disclosed by the defense pursuant to Federal Rules of Criminal Procedure 26.2, 32.1 or other defense disclosure obligations ("Defense Materials") to a publicly accessible version of an AI tool. The Government will not submit Defense Materials to an AI tool for which the AI tool provider or vendor uses submitted data for its own model training, allows submitted data to be publicly accessed, discloses submitted data to third parties, or, except as specified below, retains submitted data.

e. The Government may submit Defense Materials to an AI tool (i) that maintains the confidentiality of Defense Materials; (ii) that will not expose any Defense Materials to third parties not authorized under this Protective Order to receive such materials; (iii) that will not retain

or use any Defense Sealed Materials for model training; and (iv) all Defense Materials will be removed from the AI tool(s) at the conclusion of this case.

**Other Provisions**

6. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

7. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

8. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from disposition of this case pursuant to 18 U.S.C. § 3583 and Federal Rule of Criminal Procedure 32.1(d); the period of direct appeal from any order dismissing any of the specifications alleged in the Violation

Report; and the granting of any motion made on behalf of the Government dismissing any specifications alleged in the Violation Report, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney

by: __/s/ Steven Ballew___________ Date: 10/2/2026____________
Steven Ballew
Assistant United States Attorney

___/s John S. Wallenstein_________ Date: 10/2/2026______________
John S. Wallenstein, Esq.
Counsel for Tyrell Lockhart

SO ORDERED:

Dated: White Plains, New York
October _6_, 2026

Cathy Seibel
_________________________________
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE